

**U.S. Department of Justice**
Drug Enforcement Administration
FOI/Records Management Section
8701 Morrissette Drive
Springfield, Virginia 22152

Case Number: 20-00194-F

JAN 3 1 2020

Subject: Jacobs, Ryan; and Operation Speakeasy

Julia Fair
Reporter
The Cincinnati Enquirer
JFair@enquirer.com

Dear Ms. Fair:

This letter responds to your Freedom of Information Act/Privacy Act (FOIA/PA) request dated December 20, 2019, addressed to the Drug Enforcement Administration, Freedom of Information/Privacy Act Unit, seeking access to information regarding the above subject.

Regarding your request for records on Ryan Jacobs, to the extent that non-public responsive records exist, without consent, proof of death (*e.g.,* a copy of a death certificate or an obituary), or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. *See* 5 U.S.C. § 552(b)(7)(C). Because any non-public records responsive to your request would be categorically exempt from disclosure, this office is not required to conduct a search for the requested records.

Concerning your request on Operation Speakeasy, we conducted a search for responsive records pertaining to the above subject. To query for responsive records, we searched the DEA Investigative Reporting and Filing System (IRFS). IRFS is the system of records that contains all administrative, general, and investigative files compiled by DEA for law enforcement purposes. As a result of our query, we are unable to locate any records responsive to your request.

In your letter, you requested a fee waiver. Please be advised, since we are not assessing fees your fee waiver is considered moot.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

EXHIBIT
B

You may contact our FOIA Public Liaison at 202-307-7596 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.

The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following website: https://www.foiaonline.gov/foiaonline/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you have any questions regarding this letter, you may contact our Customer Service Hotline Representative at 202-307-7596.

Sincerely,

Angela D. Hertel, Acting Chief
Freedom of Information/Privacy Act Unit
FOI/Records Management Section

Enclosure

## EXPLANATION OF EXEMPTIONS
## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2) related solely to the internal personnel rules and practices of an agency;

(b)(3) specifically exempted from disclosure by statute (other than section 552b of this title), if that statute-
(A)(i) requires that the matters be withheld from the public in such a manner as to leave   no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld;. and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

(b)(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9) geological and geophysical information and data, including maps, concerning wells.


## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5) information compiled in reasonable anticipation of a civil action proceeding;

(j)(2) material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1) information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2) investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3) material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4) required by statute to be maintained and used solely as statistical records;

(k)(5) investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6) testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7) material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.