IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The Cincinnati Enquirer, | : | |
| | : | Case No. 1:20-cv-758 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Amending Summary Judgment |
| U.S. Department of Justice, *et al.*, | : | Order (Doc. 26) |
| | : | |
| Defendants. | : | |

This matter is before the Court following Defendants' attempt to comply with the Court's Order Granting in Part and Denying in Part Motions for Summary Judgment ("Summary Judgment Order") (Doc. 26). For the reasons that follow, the Summary Judgment Order must be amended.

**I.    BACKGROUND**

This case arises from Freedom of Information Act ("FOIA") requests made by the Cincinnati Enquirer to Defendants. The Cincinnati Enquirer requested documents created between January 1, 2015 and June 1, 2016 on two broadly-delineated topics: (1) the arrest and subsequent investigation, including interviews and monitored phone calls, of Ryan Jacobs; and (2) documents related to the term Operation Speakeasy. (Doc. 1-1 at PageID 17.)[1] It asserted

---

[1] The Cincinnati Enquirer requested the following documents from the DEA:

• All investigative reports related to the arrest and subsequent investigation of Ryan Jacobs, including witness statements, interview transcripts, investigation notes, evidence reports, and any other materials compiled by the investigating agencies. This should include all documents DEA Agent Stacie Modesitt collected from local, state and federal law enforcement as part of the investigation into Ryan Jacobs.

• Documents from or related to anything classified or organized under "operation speakeasy," which surrounded drug purchase activity in Kenton County, Kentucky.

1

that federal law enforcement officers had determined that a commonwealth attorney for a particular judicial district in Kentucky ("the Commonwealth Attorney") had obstructed justice during their investigation of Ryan Jacobs's drug trafficking activities. It further alleged that federal agents opened an investigation termed Operation Speakeasy into the Commonwealth Attorney's alleged obstruction of justice. The Cincinnati Enquirer issued the FOIA requests for records concerning the Ryan Jacobs investigation and Operation Speakeasy on the basis that the public has a substantial interest in understanding why the United States Attorney for the Eastern District of Kentucky chose not to prosecute the Commonwealth Attorney.

In response to the FOIA requests, Defendants conducted an electronic search for documents related to Operation Speakeasy, but they asserted that they did not find any responsive documents. (Doc. 19-1 at PageID 104–106.) Conversely, Defendants categorically denied the request to search for and produce the Ryan Jacobs investigation records based upon FOIA Exemption 7(C), 5 U.S.C. § 552(b)(7)(C). Defendants argued that the disclosure of such law enforcement records was reasonably expected to constitute an unwarranted invasion of the personal privacy of all persons named or discussed during the criminal investigation.

This litigation followed. The parties agreed to proceed to summary judgment based on a stipulation to the facts alleged in the Complaint in lieu of pursuing discovery. Following briefing and oral arguments, the Court issued the Summary Judgment Order. The Court granted

---

Include any documents that were part of that classification and documents that reference "operation speakeasy."

• Documents related to and which documented the monitored phone calls by the DEA when agents made 11 controlled purchases from Ryan Jacobs.

• Documentation related to the DEA's Oct. 15, 2015 interview with Ryan Jacobs at the Kenton County Detention Center in Covington, Kentucky. Include audio and/or video recordings and transcripts of the interview.

(Doc. 1-1 at PageID 17.)

summary judgment to Defendants on the Operation Speakeasy request based on their unrebutted assertion that a records search produced no responsive documents. (Doc. 26 at PageID 183.) The Court granted summary judgment to the Cincinnati Enquirer on the Ryan Jacobs investigation request insofar as the Court ordered Defendants to search for responsive documents that supported the proffered public interest in the decision of the United States Attorney not to prosecute the Commonwealth Attorney for obstruction of justice, to prepare a *Vaughn* index, and to produce the responsive documents for an *in-camera* review. (*Id.* at PageID 188–189.)

## II.     *IN-CAMERA* SUBMISSION

On July 2, 2021, to comply with the Summary Judgment Order, Defendants submitted a bare-bones *Vaughn* index and 205 pages of responsive documents to the Court for review. The documents arise from the Ryan Jacobs investigation, but they discuss in some respect allegations against the Commonwealth Attorney. Surprisingly, despite Defendants' representation to the Court that they found no Operation Speakeasy documents, one set of responsive documents is a 38-page PowerPoint presentation entitled "OPERATION SPEAKEASY— [COMMONWEALTH ATTORNEY] Obstruction Investigation Relating to [##-##-####]—Ryan JACOBS." The Court has no information that Defendants have produced or even disclosed the existence of this document set to the Cincinnati Enquirer.

Moreover, Defendants' *Vaughn* index is sparse and unhelpful. The index includes only page numbers, a broad document categorization (*e.g.*, email, PowerPoint, Word Document, DEA-6), and a list of applicable FOIA exemptions. It does not include standard *Vaughn* or privilege index information such as the date the document was created, the title of the document, the name of the person who created the document, or a summary or description of the contents of the document. Also, Defendants did not address whether some of the potential problems with

disclosure could be cured by redactions and the use of pseudonyms. FOIA requires government agencies to produce "reasonably segregable portions" of responsive documents that are not subject to one of the exemptions:

> Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection. The amount of information deleted, and the exemption under which the deletion is made, shall be indicated on the released portion of the record, unless including that indication would harm an interest protected by the exemption in this subsection under which the deletion is made. If technically feasible, the amount of the information deleted, and the exemption under which the deletion is made, shall be indicated at the place in the record where such deletion is made.

5 U.S.C. § 552(b).

The index is notable because for the first time Defendants asserted that a host of other FOIA exemptions—the exemptions stated in 5 U.S.C. § 552(b)(3), (5), (6), and (7)(D), (E), & (F)—apply to exclude the responsive documents from disclosure. However, Defendants did not brief the legal standards to apply the exemptions stated in § 552(b)(3), (5), (6), and (7)(D), (E), & (F). Defendants also failed to provide a memorandum or affidavit explaining why and to which particular sections of each set of documents the proffered exemptions apply.

### III. REVIEW OF RESPONSIVE DOCUMENTS

The Court first will state a preliminary finding as to whether the Ryan Jacobs investigation responsive documents are protected from disclosure by Exemption 7(C) as initially argued by Defendants. Exemption 7(C) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The Court reviewed each set of documents page by page under the legal standards applicable to Exemption 7(C) as set forth in the Summary Judgment Order.

A.  **7(C) Exempted Jacobs Documents**

Some documents—hereinafter referred to as the 7(C) Exempted Jacobs Documents—clearly are protected from disclosure under Exemption 7(C) because the invasion of the personal privacy interests of individuals caused by disclosure would be unwarranted. These documents have only a tenuous connection to the Cincinnati Enquirer's proffered public interest in the decision of the United States Attorney not to prosecute the Commonwealth Attorney for obstruction of justice. The Court concludes that the following documents are not subject to disclosure:

- Pages 1–4;
- Pages 5–10;
- Pages 19–23;
- Pages 27–30;
- Pages 41–42;
- Pages 52–53;
- Pages 69–74;
- Pages 75–78;
- Pages 101–106;
- Pages 107–112;
- Pages 113–117;
- Pages 118–119;
- Page 199; and
- Pages 200–201.

B.  **Remaining Jacobs Documents**

Each of the other sets of documents—hereinafter called the Remaining Jacobs Documents—contain material at least potentially relevant to a substantial public interest in understanding whether the United States Attorney acted improperly when she chose not to prosecute the Commonwealth Attorney. However, the Court will not make a final determination of whether the documents are protected from disclosure by Exemption 7(C) at this time. As set forth in the next section, the Court will require Defendants to conduct a new search for Operation Speakeasy documents. Additional Operation Speakeasy documents—if they exist—might shed light on or give context relevant to the determination of whether Exemption 7(C) protects the Remaining Jacobs Documents from disclosure. Accordingly, the Court does not reach a final determination about these Remaining Jacobs Documents:

- Pages 11–18;
- Pages 24–26;
- Pages 31–40;
- Pages 43–46;
- Pages 47–49;
- Pages 50–51;
- Pages 54–60;
- Pages 61–68;
- Pages 79–87;
- Pages 88–89;
- Pages 90–93;
- Pages 94–100;
- Pages 120–121;

- Pages 122–123;
- Pages 124–130;
- Pages 131–133;
- Pages 134–139;
- Page 140;
- Page 141;
- Page 142;
- Pages 143–153;
- Pages 154–192;
- Pages 193–196;
- Pages 197–198; and
- Page 202–205.

## IV. NEXT STEPS

### A. Operation Speakeasy Request

In the Summary Judgment Order, the Court granted summary judgment to Defendants on the Operation Speakeasy request based on the representation that Defendants had searched for, but not found, any responsive documents. The Court now knows that the search was incomplete or inadequate because Defendants submitted for review as part of the Jacobs investigation documents a 38-page PowerPoint presentation entitled Operation Speakeasy. The Summary Judgment Order must be amended. Accordingly, summary judgment is denied to the Defendants on the Operation Speakeasy request. Defendants must immediately conduct a new search for the following documents:

> Documents from or related to anything classified or organized under "operation speakeasy," which surrounded drug purchase activity in Kenton County,

>Kentucky. Include any documents that were part of that classification and documents that reference "operation speakeasy."

(Doc. 1-1 at PageID 17.) Given that the Defendants use of the key search term "Speakeasy" in the NADDIS data index system did not find the responsive Operation Speakeasy document, (Doc. 19-1 at PageID 106), Defendants must conduct a broader search for responsive documents.

Within 30 days of the date of this Order, Defendants (1) must produce to the Cincinnati Enquirer all responsive documents, or reasonably segregable portions of responsive documents, that are not protected from disclosure under the exemptions listed in 5 U.S.C. § 552(b) and (2) must submit to the Court for *in-camera* review any responsive documents, or non-segregable portions of responsive documents, that are protected from disclosure under the exemptions listed in § 552(b) with a **detailed** *Vaughn* index as explained in the next subsection.

**B.    Ryan Jacobs Investigation Request**

Defendants need not take any additional steps regarding the 7(C) Exempted Jacobs Documents. Those documents are not subject to disclosure under FOIA.

However, to expedite the final disposition of this case, the Court requires Defendants to provide additional information regarding the Remaining Jacobs Documents. Within 30 days of the date of this Order, Defendants must submit to the Court for an *in-camera* review a **detailed** revised *Vaughn* index, memorandum, or affidavit explaining the basis for asserting that the Remaining Jacobs Documents are protected from disclosure by the exemptions stated in § 552(b)(3), (5), (6), and (7)(D), (E), & (F). The submission must include a brief statement of the proper legal standard to apply when considering each exemption. It also must identify to what specific portions of the documents the exemptions apply. For exemptions like § 552(b)(3) and (5)—sections exempting from disclosure matters otherwise protected from disclosure by other statutes or legal privileges—Defendants also must identify the statute or legal privilege that

8

applies. Finally, Defendants must address whether redactions and pseudonyms can be used to cure potential problems with disclosure.

The Cincinnati Enquirer also may submit within 30 days of the date of this Order a brief memorandum setting forth the proper legal standard to apply when considering the exemptions stated in § 552(b)(3), (5), (6), and (7)(D), (E), & (F).

## V. CONCLUSION

For the foregoing reasons, the Summary Judgment Order is **AMENDED**. Summary judgment is **DENIED** to Defendants on the Operation Speakeasy request. Defendants must conduct a new search for responsive documents and produce such documents as set forth above. Moreover, as to the Remaining Jacobs Documents, Defendants must produce a **detailed** revised *Vaughn* index, memorandum, or affidavit as set forth above.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge