UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE CINCINNATI ENQUIRER, | ) | |
| | ) | District Judge Susan J. Dlott |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action. No. 20-CV-00758 |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, ET. AL, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM
IN SUPPORT OF IN-CAMERA INDEX**

Defendant United States Department of Justice and its Drug Enforcement Agency ("DEA") submit the follow brief in support of the attached In-Camera Index, (Exhibit 1), the Declaration of Jonathan Tracy, (Exhibit 2), and the Declaration of Angela D. Hertel, (Exhibit 3) in compliance with this Court's July 28, 2021 Order. (July 28, 2021 Order, Doc. 28.) Defendants respectfully request this Honorable Court find that the Remaining Jacob Documents are subject to the FOIA exemptions as discussed in the Declaration of Jonathan Tracy and here below.

**I.      Segregability.**

The Freedom of Information Act (FOIA) requires that, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b).  However, non-exempt portions of a document need not be disclosed if "they are inextricably intertwined with exempt portions." *Mead Data Central, Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).

If DEA were ordered to produce responsive information in a redacted format, segregability would not cure the harm to the privacy interest of the subject of Operation Speakeasy. The mere existence of law enforcement records that show an individual has been investigated "go[es] to the heart of the privacy interest that Exemption 7(C) was designed to protect.'" *People of the Ethical Treatment of Animals v. NIH*, 745 F.3d 535, 540 (D.C. Cir. 2014) (quoting *People of the Ethical Treatment of Animals v. NIH*, 853 F.Supp.2d 146, 154-59 (D.D.C. 2012)). Redacting names, even the name of the subject of the investigation, from the Remaining Jacobs Documents would not cure the harm because Plaintiff knows that each piece of information that is disclosed is associated with a criminal investigation of the subject. The harm would be unavoidable and significant. Therefore, the information Plaintiff has requested cannot be segregated in a way that would not implicate the particularly strong Exemption 7(C) privacy interests of the subject, who was never charged with a crime.

Indeed, there are no reasonable segregable portions of the Remaining Jacobs Documents that can be disclosed because there was no impropriety by the United States Attorney in declining to prosecute the Commonwealth Attorney. Further, the Remaining Jacobs Documents that may be "at least potentially relevant to a substantial public interest in understanding whether the United States Attorney acted improperly when she chose not to prosecute the Commonwealth Attorney," cannot be disclosed because they are inextricably intertwined with any exempt portions of those documents. (*See* Order, Doc. 28, at PageID # 197.) The Remaining Jacobs Documents focus completely on the Commonwealth Attorney and other third parties. As a result, disclosing segregated information, likely without providing any context, will unwarrantably impinge on the Commonwealth Attorney's privacy and other third parties.

Moreover, a categorical denial remains appropriate because Plaintiff is a third-party, the privacy interest of someone investigated and not prosecuted is particularly strong, and the public's interest in DOJ's prosecutorial decision does not outweigh that strong privacy interest.

The Remaining Jacobs Documents cannot be reasonably segregated for the reasons discussed above and specifically below as applied to each FOIA exemption.

## II. The Use of Pseudonyms is Not Appropriate Here.

The use of pseudonyms is inappropriate here because information may only be released or redacted pursuant to FOIA. 5 U.S.C. § 552(b). First, Plaintiff provided the pseudonyms in the Complaint and almost certainly knows the actual names of the third parties through an impermissible leak. The use of pseudonyms would serve only to confirm the actual identities of the third parties. Using pseudonyms will have the same effect as releasing the names without redaction. Therefore, the use of pseudonyms will cause the exact same harm to the privacy interests of third parties that Exemption 7(C) is intended to prevent.

Second, FOIA does not require agencies to "create" or "modify" records. *See N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 162 (1975); s*ee also ACLU v. DOJ*, 681 F.3d 61, 71 (2d Cir. 2012). In *ACLU*, the Second Circuit reversed the district court's order requiring the agency to substitute purportedly neutral phrases for exempt material because such an order would effectively force the agency to create new records. *Id*. A similar holding was reached in the Fifth Circuit where the court held that plaintiff's demand that the agency "simply insert new information in the place of the redacted information requires the creation of new agency records, a task that the FOIA does not require the government to perform." *FlightSafety Servs. Corp. v. Dep't of Labor*, 326 F.3d 607, 613 (5th Cir. 2003). Therefore, information may only be released or redacted.

### III.  Exemption 7(C) Applies in Full

Exemption 7(C) requires the FOIA requestor to establish a sufficient reason for the disclosure. *National Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). The public interest must be significant and likely to advance that interest. If not, the invasion of privacy is unwarranted. *Id.* In order to demonstrate this, Plaintiff must demonstrate that the information is necessary to show the United States Attorney acted improperly in not prosecuting the Commonwealth Attorney. (Order, Doc. 28, at PageID # 197); *See Favish*, 541 U.S. at 173. Significantly, Plaintiff "must establish more than a bare suspicion . . . and must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Favish*, 541 U.S. at 174. In fact, there is a presumption of legitimacy accorded to the Government's official conduct, *id.* (citing *Dep't of State v. Ray*, 502 U.S. 164, 178-79 (1991)), which requires clear evidence to rebut the presumption of legitimacy. *Id.*

Pursuant to FOIA Exemption 7(C), the DEA has withheld the records in full, including the eighteen (18) additional pages, (Additional Jacobs Documents), retrieved following additional searches conducted after the Court's July 28, 2021 Order. (Additional Jacobs Documents, Exhibit 4.) The records demonstrate that any public interest served by processing and releasing any of the records related to Operation Speakeasy does not outweigh the significant privacy interests at stake. This Court relied on the assumption that the records may indicate "impropriety" on the part of the government in not prosecuting the subject of Operation Speakeasy. (Order, Doc. 28, at PageID # 197.) The records provided to this Court demonstrate no impropriety. (Remaining Jacobs Documents, Order, Doc. 28, at PageID ## 197-98; Additional Jacobs Documents, Exhibit 4.)

Release of any of the records would serve only to embarrass a third party, which is not the purpose of the FOIA. As a result, the public interest cannot justify release of the records.

Here, there is no indication of "impropriety" on the part of the United States Attorney in not prosecuting the subject of Operation Speakeasy. (Tracy Decl., Ex. 1, at 5, ¶14.) After this Court's in camera review of the Remaining Jacobs Documents, this Court should logically find the United States Attorney acted properly in not prosecuting the Commonwealth Attorney. As a result, disclosure of the Remaining Jacobs Documents about the Commonwealth Attorney would constitute an unwarranted invasion of his privacy.

To the extent the Court finds that Exemption 7(C) does not apply in full and orders Defendant to produce any of the records, Defendant will, consistent with ordinary Department of Justice practice, seek a stay pending a determination by the Department regarding whether to seek an appeal.

### IV. In-Camera Index

As discussed above, Defendant asserts that Exemption 7(C) applies to the records in full. However, the following paragraphs and the attached in-camera index were created to comply with the Court's July 28, 2021 Order to document the assertion of other exemptions applicable to information within the records.

#### A. Exemptions 7(C) and 6 Apply in Part

FOIA § 552 (b)(7)(C), exempts "records or information compiled for law enforcement purposes" where the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." "The standard for evaluating a threatened invasion of privacy interests resulting from the disclosure of records compiled for law enforcement purposes is

somewhat broader than the standard applicable to personnel, medical, and similar files." *U.S. Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 756 (1989).

In the Sixth Circuit, any document compiled by a law enforcement agency meets Exemption 7(C)'s requirement that the records be compiled for law enforcement purposes. *Rugiero*, 257 F.3d at 550 (citing *Jones v. F.B.I.*, 41 F.3d 238, 245 (6th Cir. 1994) (Sixth Circuit's per se rule)). A plaintiff seeking records pursuant to FOIA must have more than "bare allegations of federal malfeasance" to overcome Exemption 7(C). *Rimmer v. Holder*, 700 F.3d 246, 258 (6th Cir. 2012). At a minimum, "evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred," must be produced by the FOIA requester. *Rimmer*, 700 F.3d at 258. The government enjoys a presumption of legitimacy accorded to its official conduct. *Favish*, 541 U.S. at 174) (citing *Dep't of State v. Ray*, 502 U.S. 164, 178-79 (1991)),

A privacy interest exists in names and other identifying information even if publicly available. *Rugiero*, 257 F.3d at 550. Importantly, "[m]ere speculation about hypothetical public benefits cannot outweigh a demonstrably significant invasion of privacy." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 179 (1991).

"Federal courts have consistently found that individuals identified in law enforcement files—including investigators, other government employees, suspects, witnesses, informants, and private citizens—have substantial privacy interests." *Mertz v. Social Security Admin.*, Case No. 17-cv-10105, 2017 WL 9325288, *6 (E.D. Mich. Dec. 17, 2017) (citing *e.g., Rimmer v. Holder*, 700 F.3d 246, 257 (6th Cir. 2012) ("[P]eople who were investigated for suspected criminal activity or who were otherwise mentioned therein . . . could [be] subject[ed] to embarrassment, harassment and even physical danger.") (citation omitted); *see also Roth v. U.S. Dep't of Justice*, 642 F.3d

6

1161, 1173-74 (D.C. Cir. 2011) (noting the court has "long recognized" that "'witnesses, informants, and . . . investigating agents' have a 'substantial interest' in ensuring that their relationship to the investigations 'remains secret.'") (quoting *Fitzgibbon v. C.I.A.*, 911 F.2d 755, 767 (D.C. Cir. 1990) ); *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007) ("[T]he exemption protects the privacy interests of all persons mentioned in law enforcement records, whether they be investigators, suspects, witnesses, or informants."); *Halpern v. F.B.I.*, 181 F.3d 279, 297 (2d Cir. 1999) (holding FBI agents and other government employees have interest against disclosure of their identities to the extent disclosure might subject them to embarrassment or harassment in their official duties or personal lives); *Jones v. F.B.I.*, 41 F.3d 238, 246-47 (6th Cir. 1994) ("This circuit has previously found that federal law enforcement officials 'have the right to be protected against public disclosure of their participation in law enforcement investigations pursuant to exemption (b)(7)(C).'") (quoting *Ingle*, 698 F.2d at 269); *Fitzgibbon v. C.I.A.*, 911 F.2d 755, 767 (D.C. Cir. 1990) (recognizing that "the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation."); *New England Apple Council v. Donovan*, 725 F.2d 139, 142 (1st Cir. 1984) (collecting cases); *Librach v. F.B.I.*, 587 F.2d 372, 373 (8th Cir. 1978) (holding release of third-party personal information in law enforcement records clearly an unwarranted invasion of personal privacy).

Exemption 6 protects from disclosure individuals "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(6). "'Similar files'" are primarily government files that were maintained on a specific individual or group." *National Ass'n of Home Builders v. Norton*, 309 F.3d 26 (D.C. Cir. 2002).

In this case, Exemption 6 should be applied in conjunction with Exemption 7(C) because, "where the records at issue were compiled for law enforcement purposes, the Sixth Circuit has analyzed the application of Exemptions 6 and 7(C) together under the more protective terms of 7(c)." *Mertz v. Social Security Admin.*, Case No. 17-cv-10105, 2017 WL 9325288, *6 (E.D. Mich. Dec. 17, 2017) (citing *Rimmer*, 700 F.3d at 256). Although the balancing test for Exemption 6 uses a "would constitute a clearly unwarranted invasion of personal privacy" and the test for Exemption 7(C) uses the lesser standard of "could reasonably be expected to constitute an unwarranted invasion of personal privacy," the analysis and balancing required by both exemptions is similar enough to warrant a consolidated discussion. The privacy interests are balanced against the public's interest in shedding light on the agency's performance under the analysis of both exemptions. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976); *Schell*, 843 F.2d at 938.

Exemptions 7(C) and 6 applies to all identifying information of individuals mentioned in the records. Here, the records contain names and other identifying information protected from disclosure that would reveal the identity of, and disclose personal information about, individuals who were involved or associated with a criminal investigation. These individuals include third-parties, such as law enforcement personnel, witnesses, targets, suspects, co-defendants, and confidential sources of information. (Tracy Decl., Ex. 1, at 6-7, ¶¶16-18.) This information cannot be reasonably segregated without unwarrantably impinging on the Commonwealth Attorney and other third-parties' privacy interests.

After *in-camera* review of the Remaining Jacobs Documents, this Court should logically find the United States Attorney acted properly in not prosecuting the third-party. As a result, disclosure of the Remaining Jacobs Documents about a third-party would constitute an unwarranted invasion of the third party.

### B. Exemption 3

Pursuant to 5 U.S.C. § 552 (b)(3), information is exempt from FOIA disclosure if it is prohibited by statute, as long as the statute "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue or establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552 (b)(3); *See Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 549 (6th Cir. 2001).

Here, the exempt information is that which is prevented from disclosure pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968. *See* 18 U.S.C. § 2510-2520. Specifically, these records include [Exemption 3] [Exemption 3] (Tracy Decl., Ex. 1, at 3-4, ¶¶9-10.) These documents include discussions and descriptions of information obtained in the Ryan Jacobs investigation from Title III intercepts. As explained by Mr. Tracy, this information falls under Exemption 3 because the information was obtained pursuant to a court ordered wiretap. (*Id.* at 4, ¶10.) The remaining information in these documents cannot be reasonably segregated as it is covered under Exemption 7(C), 5, 6, 7(D), 7(E), and 7(F) and without unwarrantably impinging on the Commonwealth Attorney and other third-parties' privacy interests.

### C. Exemption 5

The FOIA exemption in 5 U.S.C. § 552 (b)(5), protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." To meet this exemption, the record is required to be from (1) a government agency and (2) "fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of the Interior v.*

*Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001); *see also Lucaj v. F.B.I.*, 852 F.3d 541, 546 (6th Cir. 2007). This encompasses both civil discovery privileges and evidentiary privileges. *Davis v. Califano*, 623 F.2d 1, 5 (6th Cir. 1980). However, exceptions to the civil discovery privileges do not apply to FOIA because that information would not be "routinely" or "normally" disclosed. *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 148-49 (1975).

The deliberative process privilege prevents disclosure of information in records that are "predecisional" and "deliberative." *Tax Analysts v. IRS*, 117 F.3d 607, 616 (D.C. Cir. 1997) (quoting *Wolfe v. Dep't of Health & Human Servs.*, 839 F.2d 768, 774 (D.C. Cir. 1998)). Specifically, a "document is predecisional when it is received by the decisionmaker on the subject of the decision prior to the time the decision is made, . . . and deliberative when it reflects on the give-and-take of the consultative process." *Norwood v. F.A.A.*, 993 F.2d (6th Cir. 1993) (quoting *Schell v. Dep't of Health and Human Servs.*, 843 F.2d 933, 940 (6th Cir. 1988)). The issue is "whether the disclosure of materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Rugiero*, 257 F.3d at 550 (quoting *Dudman Communications Corp. v. Dep't of the Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987)). A district court considers "how each document fits into the deliberative process" and whether "it is an essential element of that process." *Park, Davis & Co. v. Califano*, 623 F.2d 1, 6 (6th Cir. 1980). The deliberative process privilege of Exemption 5 protects from disclosure "documents which the agency decision maker herself prepared as part of her deliberation and decision-making process." *See e.g., Amnesty Int'l USA v. C.I.A.*, 728 F. Supp. 2d 479, 515-16 (S.D.N.Y. 2010).

The deliberative process privilege is "designed to encourage frank discussion of policy matters, prevent premature disclosure of proposed policies, and avoid public confusion that may

10

result from disclosure of rationales that were not ultimately grounds for agency action. *Petrucelli v. Dep't of Justice*, 51 F.Supp.3d 142 (D.D.C. 2014) (citation omitted).

The documents exempt from disclosure here pursuant to Exemption 5 include [Exemption 5] [Exemption 5] [Exemption 5] (Tracy Decl., Ex. 1, at 4, ¶12.) These internal communications concerning criminal investigations and potential litigation are exempt from disclosure because they fall within the deliberative process privilege. [Exemption 5] [Exemption 5] [Exemption 5] This document was prepared by the agency decision maker as part of the deliberative process. (*Id.* at 5, ¶13.) As a result, these documents are exempt from disclosure pursuant to FOIA Exemption 5 and this information cannot be reasonably segregated without unwarrantably impinging on the Commonwealth Attorney and other third-parties' privacy interests.

### D. Exemption 7(D)

FOIA Exemption 7(D), exempts information compiled for law enforcement purposes where the "disclosure of which could reasonably be expected to reveal the identity of a confidential source or information furnished by a confidential source." 5 U.S.C. § 552 (b)(7)(D); s*ee also Rimmer v. Holder*, 700 F.3d 246, 260-61 (6th Cir. 2012).

DEA relies heavily on Exemption 7(D) in conducting investigations and fulfilling its law enforcement mission to protect source-identifying and source-supplied investigative information. (Tracy Decl., Ex. 1, at 7, ¶19.) "[I]t is well settled that 'if a confidential source is later revealed, we nonetheless restrict public access to documents under Exemption 7(D) so long as the informant

and the agency intended the identity of the source to remain undisclosed at the time the agency compiled the information.'" *Rimmer*, 700 F.3d at 261 (quoting *Rugiero*, 257 F.3d at 551).

A source is confidential under Exemption 7(D) if there was an express or implied assurance of confidentiality. *Petrucelli v. Dep't of Justice*, 51 F.Supp3d 142 (D.D.C. 2014) (citing *Williams v. F.B.I.*, 69 F.3d 115, 1159 (D.C. Cir. 1995) (quoting *DOJ v. Landano*, 508 U.S. 165, 170-74 (1993))).

Exemption 7(D) applies to  (Tracy Decl., Ex. 1, at 8, ¶22.) Specifically, Exemption 7(D) applies to these documents because they all include information from confidential source(s), whose confidentiality was implied, and release of these documents could allow for the identification of the confidential source(s) and disclose the information provided by the confidential source(s). (*Id.* at 7-9, ¶¶19-21, 23.)

Therefore, these documents are exempt from disclosure pursuant to FOIA Exemption 7(D). This information cannot be reasonably segregated without unwarrantably impinging on the Commonwealth Attorney and other third-parties' privacy interests.

### E. Exemption 7(E)

The FOIA, 5 U.S.C. § 552(b)(7)(E), sets forth an exemption for records or information compiled for law enforcement purposes if its release "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." Information that relates to law enforcement techniques, policies, and

procedures is properly withheld under this exemption. *Showing Animals Respect and Kindness v. U.S. Dep't of Int.*, 730 F.Supp.2d 180 (D.D.C. 2010) (citing *Boyd v. Bureau of Alcohol Tobacco, Firearms, and Explosives*, 570 F.Supp.2d 156, 158 (D.D.C. 2008)). "[C]ommonly known procedures may be protected from disclosure if the disclosure could reduce or nullify their effectiveness. *Judicial Watch v. U.S. Dep't of Commerce*, 337 F.Supp.2d 146, 181 (D.D.C. 2004).

Because release of information that falls under this exemption can cause significant harm to DEA's ability to investigate individuals, "Exemption 7(E) sets a relatively low bar for the agency to justify withholding . . . ." *Blackwell v. F.B.I.*, 646 F.3d 37, 42 (D.C. Cir. 2011). Indeed, "Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the agency demonstrate logically how the release of the requested information might create a risk of circumvention of the law." *Id.* (citing *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1193 (D.C. Cir. 2009)).

Here, DEA logically demonstrated that release of two categories of information might create a risk of circumvention of the law. Specifically, the first category covers [Exemption 7(E)] [Exemption 7(E)] [Exemption 7(E)] (Tracy Decl., Ex. 1, at 9-10, ¶¶24-26.)

Mr. Tracy logically showed that release of the G-DEP identifiers/information would help identify priority given to narcotics investigations, types of criminal activities involved, and violator ratings. Suspects could decode this information and, as a result, change their patterns of drug trafficking in an effort to respond to what they determined the DEA knows about them, develop enforcement countermeasures, avoid detection and apprehension, create excuses for suspected

13

activities, and/or create alibis for suspected activities, and, therefore, disclosure of the G-DEP identifiers/information would enable circumvention of the DEA's law enforcement efforts. (*Id.* at 9-10, ¶¶24-26.)

Mr. Tracy also logically demonstrated that release of the second category of information, which includes [Exemption 7(E)] [Exemption 7(E)] [Exemption 7(E)], might create a risk of circumvention of the law. (*Id.* at 10-11, ¶¶27-29.) He explained that this category of information should be withheld in full because it contains sensitive law enforcement techniques, non-public law enforcement processes, law enforcement field notes, and information such as DEA file numbers, meetings and debriefings with confidential and other sources, NADDIS numbers, acquisition of certain evidence, and material that would reveal sensitive, non-public references to the DEA's Agents' Manual, which is not available to the public, which if released, would enable circumvention of the law. (*Id.* at 10-11, ¶¶28-29.)

Therefore, these documents are exempt from disclosure pursuant to FOIA Exemption 7(E). This information cannot be reasonably segregated without unwarrantably impinging on the Commonwealth Attorney and other third-parties' privacy interests.

### F. Exemption 7(F)

Title 5 U.S.C. § 552(b)(7)(F), exempts from disclosure "records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual." This exemption may be invoked to "protect 'any individual' reasonably at risk of harm. *Long v. DOJ*, F.Supp.2d 42, 79 (D.D.C. 2006) (quoting §

552(b)(7)(F)); *see also Gonzalez v. Bureau of Alcohol, Tobacco, and Firearms*, No. 04-2281, 2005 WL 3201009, at *10 (D.D.C. Nov. 9, 2005) (protecting DEA agent identities). Courts inquire as to "whether there is some nexus between disclosure and possible harm and whether the deletions were narrowly made to avert the possibility of such harm." *Antonelli v. Fed. Bureau of Prisons*, 623 F.Supp.2d 55, 58 (D.D.C. 2009) (citation omitted). "Within limits, the court defers to the agency's assessment of danger." *Petrucelli v. Dep't of Justice*, 51 F.Supp3d 142 (D.D.C. 2014) (citing *Garcia v. DOJ*, 181 F.Supp.2d 356, 378 (S.D.N.Y. 2002)).

It is well known that violence is inherent in the drug trade, and the release of the identities of law enforcement officers has resulted in several instances of physical attacks, threats, harassment, murder, and attempted murder. DEA submits there is a risk of harm to disclosing the names of DEA Special Agents, other law enforcement personnel, and other individuals involved in criminal investigations, including confidential sources should identifying information be disclosed. (*See* Tracy Decl., Ex. 1, at 11, ¶¶31-32.) Therefore, any information that could reasonably be expected to endanger the life or safety of an individual should be withheld from disclosure.

Therefore, these documents are exempt from disclosure pursuant to FOIA Exemption 7(F). This information cannot be reasonably segregated without unwarrantably impinging on the Commonwealth Attorney and other third-parties' privacy interests.

## V. Conclusion

In sum, Defendants respectfully request that this Honorable Court find that all information in the Remaining Jacob Documents and Additional Jacobs Documents be precluded from under FOIA.

Respectfully submitted,

VIPAL PATEL
Acting United States Attorney

*s/William B. King II*
WILLIAM B. KING II (094046)
Assistant United States Attorney
Attorney for Defendants
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6972
E-mail: Bill.King@usdoj.gov
