IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The Cincinnati Enquirer, | : | |
| | : | Case No. 1:20-cv-758 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Supplement to the Amended Summary |
| U.S. Department of Justice, *et al.*, | : | Judgment Order |
| | : | |
| Defendants. | : | |

This case arises from Freedom of Information Act ("FOIA") requests made by the

Cincinnati Enquirer to the Department of Justice and the Drug Enforcement Administration.

Defendants have produced two sets of documents, sworn Declarations, and *Vaughn* indices to the

Court for *in-camera* review pursuant to the Court's initial Summary Judgment Order (Doc. 26)

and Amended Summary Judgment Order (Doc. 28).  Upon consideration of the law and the

responsive documents, the Court agrees with Defendants that Exemption 7(C), 5 U.S.C.

§ 552(b)(7)(C), shields the responsive documents from disclosure.

I.    **BACKGROUND**

The Court will restate the key procedural history for the sake of clarity.  The Cincinnati

Enquirer requested documents from Defendants created between January 1, 2015 and June 1,

2016 on two broadly-delineated topics: (1) the arrest and subsequent investigation, including

interviews and monitored phone calls, of Ryan Jacobs; and (2) documents related to the term

"Operation Speakeasy."  (Doc. 1-1 at PageID 17.)[1]  It asserted that federal law enforcement

---

[1]  Specifically, the Cincinnati Enquirer requested the following documents:

• All investigative reports related to the arrest and subsequent investigation of Ryan Jacobs,
including witness statements, interview transcripts, investigation notes, evidence reports, and any
other materials compiled by the investigating agencies.  This should include all documents DEA

officers had determined that a commonwealth attorney for a particular judicial district in Kentucky ("the Commonwealth Attorney") had obstructed justice during their investigation of Ryan Jacobs's drug trafficking activities. It further alleged that federal agents opened an investigation termed Operation Speakeasy into the Commonwealth Attorney's alleged obstruction of justice.

In response to the FOIA requests, Defendants conducted an electronic search for documents related to Operation Speakeasy, but they asserted that they did not find any responsive documents. (Doc. 1-2 at PageID 18.) Conversely, Defendants categorically refused to search for and produce documents related to the Ryan Jacobs investigation based upon FOIA Exemption 7(C), 5 U.S.C. § 552(b)(7)(C). (*Id.*) Defendants argued that the disclosure of such law enforcement records was reasonably expected to constitute an unwarranted invasion of the personal privacy of any person investigated.

This litigation followed. The parties agreed to proceed to summary judgment based on a stipulation to the facts alleged in the Complaint in lieu of pursuing discovery. Defendants continued to argue in summary judgment briefs that they were not required to search for documents related to the Ryan Jacobs investigation pursuant to FOIA Exemption 7(C) because the search would likely result in an unwarranted invasion of personal privacy. (Doc. 19-1 at

---

Agent Stacie Modesitt collected from local, state and federal law enforcement as part of the investigation into Ryan Jacobs.

• Documents from or related to anything classified or organized under "operation speakeasy," which surrounded drug purchase activity in Kenton County, Kentucky. Include any documents that were part of that classification and documents that reference "operation speakeasy."

• Documents related to and which documented the monitored phone calls by the DEA when agents made 11 controlled purchases from Ryan Jacobs.

• Documentation related to the DEA's Oct. 15, 2015 interview with Ryan Jacobs at the Kenton County Detention Center in Covington, Kentucky. Include audio and/or video recordings and transcripts of the interview.

(Doc. 1-1 at PageID 17.)

PageID 106–108.)  They also stated again they had searched for Operation Speakeasy records but did not find responsive documents.  (*Id.* at PageID 105–106.)  On the other side, the Cincinnati Enquirer asserted as a basis for its two FOIA requests that the public has a substantial interest in understanding why the United States Attorney for the Eastern District of Kentucky chose not to prosecute the Commonwealth Attorney.  (Doc. 22 at PageID 137.)[2]

Following briefing and oral arguments, the Court issued its Summary Judgment Order. The Court granted summary judgment to Defendants on the Operation Speakeasy request based on their unrebutted assertion that a records search produced no responsive documents.  (Doc. 26 at PageID 183.)  The Court granted summary judgment to the Cincinnati Enquirer on the Ryan Jacobs investigation request insofar as the Court ordered Defendants to search for responsive documents that supported the proffered public interest in the decision of the United States Attorney not to prosecute the Commonwealth Attorney for obstruction of justice, to prepare a *Vaughn* index, and to produce the responsive documents for an *in-camera* review.  (*Id.* at PageID 188–189.)

Defendants complied by submitting a bare-bones *Vaughn* index and 205 pages of documents responsive to the Ryan Jacobs investigation request.  The *Vaughn* index was notable because for the first time Defendants asserted that a host of other FOIA exemptions—the exemptions stated in 5 U.S.C. § 552(b)(3), (5), (6), and (7)(D), (E), & (F)—also applied to exclude the responsive documents from disclosure.  However, Defendants did not adequately explain why the newly-asserted exemptions applied.  Also notable was the fact that one of the documents produced as responsive to the Ryan Jacobs investigation request was a 38-page PowerPoint presentation regarding Operation Speakeasy.  In light of these submissions, the

---

[2]  Previously, in the initial FOIA administrative appeal, the Cincinnati Enquirer argued that there was "an overriding public interest that the investigative records should be released because of Ryan Jacobs' widespread illegal drug distribution practices in Northern Kentucky."  (Doc. 1-3 at PageID 21.)

Court issued its Amended Summary Judgment Order compelling Defendants to conduct a broader search for Operation Speakeasy documents and to produce a more detailed *Vaughn* index of all the responsive documents.  (Doc. 28 at PageID 199–200.)  The Court also instructed Defendants to address whether they could produce reasonably-segregable portions of the responsive documents as contemplated in 5 U.S.C. § 552(b).  (*Id.*)  Finally, the Court invited both parties to address the relevant standards for applying each of the newly-asserted FOIA exemptions.  (*Id.*)

Defendants have complied with the Amended Summary Judgment Order by submitting for *in-camera* review eighteen pages of additional responsive documents—hereinafter referred to as the Additional Operation Speakeasy Documents.  Defendants also submitted two sworn Declarations plus a more detailed *Vaughn* index.  Both parties also filed Memoranda on the legal standards for applying the newly-asserted FOIA exemptions.  This matter is ready for final adjudication.

## II.      ANALYSIS

## A.      FOIA Overview

FOIA "implements a general philosophy of full agency disclosure of government records," unless the disclosure falls within one of nine enumerated exemptions.  *Detroit Free Press Inc. v. U.S. Dep't of Just.*, 829 F.3d 478, 480 (6th Cir. 2016) (internal quotation and citation omitted).  The exemptions are "narrowly construed."  *ACLU of Mich. v. F.B.I.*, 734 F.3d 460, 465 (6th Cir. 2013) (citation omitted).  FOIA requires government agencies to produce "reasonably segregable portions" of responsive documents that are not subject to one of the exemptions:

> Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this

subsection.  The amount of information deleted, and the exemption under which the deletion is made, shall be indicated on the released portion of the record, unless including that indication would harm an interest protected by the exemption in this subsection under which the deletion is made.  If technically feasible, the amount of the information deleted, and the exemption under which the deletion is made, shall be indicated at the place in the record where such deletion is made.

5 U.S.C. § 552(b).

FOIA Exemption 7(C) exempts from production "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an *unwarranted* invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C) (emphasis added).  "In the case of Exemption 7(C), the statute requires us to protect, in the proper degree, the personal privacy of citizens against the uncontrolled release of information compiled through the power of the State."  *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 172 (2004).  "[W]hether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny."  *U.S. Dep't of Just. v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 772 (1989) (internal quotation omitted).

The public's interest in disclosure at its core is to contribute "to public understanding of the operations or activities of the government."  *Detroit Free Press*, 829 F.3d at 485 (quoting *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495 (1994)).  Disclosure can be appropriate if the information "sheds light on an agency's performance of its statutory duties."  *Reporters Comm.*, 489 U.S. at 773 (citation omitted).  On the other extreme, disclosure is not appropriate when one private citizen seeks information about another private citizen and not about the conduct of the agency that has possession of the requested records.  *Id.* (citation omitted).

The Supreme Court explained how privacy interests can be overcome when Exemption 7(C) is at issue:

> [Exemption 7(C)] requires the person requesting the information to establish a sufficient reason for the disclosure.  First, the citizen must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake.  Second, the citizen must show the information is likely to advance that interest.  Otherwise, the invasion of privacy is unwarranted.

*Favish*, 541 U.S. at 172.  For Exemption 7(C), therefore, the person making the disclosure request must identify the reason for requesting the information so that the Court can balance the personal privacy interests of citizens against the disclosure interests.  *Id.*  The Supreme Court went on to hold that "where there is a privacy interest protected by Exemption 7(C) and the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, . . . the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred."  *Id.* at 174.  "[M]ore than bare allegations of federal malfeasance are required before the public interest becomes significant enough to overcome the privacy concerns embodied in Exemption 7(C)."  *Rimmer v. Holder*, 700 F.3d 246, 258 (6th Cir. 2012).

## B.    FOIA Applied

The Court now has had the opportunity to consider the responsive documents in full.  The majority of the responsive documents directly involve the criminal investigation of drug trafficking by Ryan Jacobs.  The Court already held that certain documents were clearly exempted from disclosure pursuant to Exemption 7(C) because they have "only a tenuous connection to the Cincinnati Enquirer's proffered public interest in the decision of the United States Attorney not to prosecute the Commonwealth Attorney for obstruction of justice."  (Doc.

28 at PageID 196.)[3]  The Court stated that the so-called Remaining Jacobs Documents were "at least potentially relevant to a substantial public interest in understanding whether the United States Attorney acted improperly when she chose not to prosecute the Commonwealth Attorney." (*Id.* at PageID 197.)  The Court declined at that time to conduct a final weighing of the privacy interests against the purported substantial public interest until after Defendants conducted a second, broader search for documents responsive to the Operation Speakeasy request.

The Court can conduct that final weighing now.  The privacy interests at stake have significant breadth and are compelling.  The identifying information about persons subject to a criminal investigation are protected privacy interests because disclosure can lead to "embarrassment, harassment, and even physical danger."  *Rimmer*, 700 F.3d at 257 (citing *Kiraly v. FBI*, 728 F.2d 273, 277 (6th Cir. 1984)).  "[I]nformation in an investigatory file tending to indicate that a named individual has been investigated for suspected criminal activity is, at least as a threshold matter, an appropriate subject for exemption under 7(C)."  *Fund for Const. Gov't v. Nat'l Archives & Recs. Serv.*, 656 F.2d 856, 863 (D.C. Cir. 1981).  The responsive documents here contain the names, other identifiers, and information about the activities of numerous private citizens.  Ryan Jacobs maintains a privacy interest in his investigative files despite the fact of his conviction.  *See ACLU v. U.S. Dep't of Just.*, 655 F.3d 1, 7 (D.C. Cir. 2011) (recognizing that convicted persons have a privacy interest in the facts of their conviction, but that the interest is "weaker" than the interest of those who have been investigated or charged, but not convicted); *O'Kane v. U.S. Customs Serv.*, 169 F.3d 1308, 1310 (11th Cir. 1999) ("[I]ndividuals have a substantial privacy interest in their criminal histories.").  The

---

[3]  The Court referred to these as the 7(C) Exempted Jacobs Documents in the Amended Summary Judgment Order. They include the following pages:  Pages 1–4; 5–10; 19–23; 27–30; 41–42; 52–53; 69–74; 75–78; 101–106; 107–112; 113–117; 118–119; 199; and 200–201.  (Doc. 28 at PageID 196.)

Commonwealth Attorney and other individuals accused of or investigated for criminal activity during the course of the Ryan Jacobs investigation also have privacy interests, interests that are greater because, to the Court's knowledge, they were not charged and convicted of any crime.

Additionally, the responsive documents in this case contain the names of law enforcement officers, government attorneys, and cooperating witnesses. "[W]itnesses, informants, and investigators" also have privacy interests. *Rimmer*, 700 F.3d at 257. The privacy interests of cooperating witnesses should be protected "to insure that such persons remain willing to provide such information in the future." *Kiraly*, 728 F.2d at 278 (citation omitted).

Further, the Court agrees with Defendants that the privacy interests cannot be protected adequately by redactions or segregating out portions of the documents. This Court previously inquired whether the privacy interest could be protected by the use of pseudonyms. (Doc. 28 at PageID 200.) Defendants responded that such a task is beyond the scope of FOIA. Requiring a federal government agency to insert new information in the place of redacted information—such as the pseudonyms employed by the Cincinnati Enquirer in the Complaint—in effect requires the government agency to create new documents, a task not required by FOIA. *See ACLU v. Dep't of Just.* 681 F.3d 61, 71 (2d Cir. 2012); *Flightsafety Servs. Corp.*, 326 F.3d 607, 613 (5th Cir. 2003). On the other hand, redacting the privacy-related information from the documents without substituting pseudonyms would result in documents that are so heavily redacted as to have little informational value. *Cf. Flightsafety Servs. Corp.*, 326 F.3d at 613 ("It is clear to us upon review of these documents (and the detailed *Vaughn* index) that any disclosable information is so inextricably intertwined with the exempt, confidential information that producing it would require substantial agency resources and produce a document of little informational value.")

Weighed against these significant privacy interests is the asserted public interest in the United States Attorney's performance of statutory duties, specifically the decision not to prosecute the Commonwealth Attorney for obstruction of justice.  It bears repeating that that the alleged wrongdoing by the Commonwealth Attorney is not itself a significant public interest for FOIA purposes.  "FOIA is concerned only with shedding light on misconduct of the *federal* government, not *state* governments."  *Rimmer*, 700 F.3d at 258 (emphasis added).  Moreover, a decision not to prosecute an individual, standing alone, is ordinarily not particularly illuminating about an agency's decisionmaking processes because it is only a "single data point."  *Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.*, 978 F. Supp. 2d 1, 13 (D.D.C. 2013); *see also Fund for Const. Gov't*, 656 F.2d at 863 (stating that prosecutorial decisions are "rarely" subject to public scrutiny).  The Court, having carefully considered the Remaining Jacobs Documents and the Additional Operation Speakeasy Documents, concludes that these responsive documents only minimally advance a public interest in shedding light on the decision of the United States Attorney to not prosecute the Commonwealth Attorney.  Accordingly, the significant privacy interests outweigh the proffered public interest, and the Court holds that the complete set of responsive documents are exempt from disclosure under FOIA Exemption 7(C).[4]

## III.  CONCLUSION

The Cincinnati Enquirer filed this Complaint seeking an order compelling Defendants to complete a search for documents responsive to the Ryan Jacobs investigation request and the Operation Speakeasy FOIA requests, to produce non-exempt responsive documents, and to produce a *Vaughn* index of responsive documents withheld under a claim of exemption.  The

---

[4]  Given this conclusion, the Court need not and will not address whether some or all of the records also are exempted from disclosure under FOIA Exemptions (3), (5), (6), and (7)(D), (E), & (F).

Cincinnati Enquirer now has obtained all the relief to which it is entitled.  Defendants searched for documents responsive to the FOIA requests and submitted the responsive documents and *Vaughn* indices to the Court for *in-camera* review.  The Court holds that all of the responsive documents are exempt from disclosure under FOIA Exemption 7(C), 5 U.S.C. 552(b)(7)(C).  The case is dismissed with prejudice.

IT IS SO ORDERED.

BY THE COURT:


S/Susan J. Dlott
Susan J. Dlott
United States District Judge